Cite as 2024 Ark. App. 446

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-114

| | |
|---|---|
| JOSEPH DANIEL ENGELKES<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered September 25, 2024<br><br>APPEAL FROM THE DREW COUNTY CIRCUIT COURT<br>[NO. 22CR-20-233]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED TO CORRECT SENTENCING ORDER |

## N. MARK KLAPPENBACH, Judge

Following a hearing, the Drew County Circuit Court found that Joseph Engelkes had violated the conditions of his probation and imposed a period of confinement to be served during his probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Engelkes's attorney has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to raise on appeal. Engelkes has not filed pro se points for reversal. We affirm the circuit court's order and grant counsel's motion to withdraw; however, we remand for correction of the sentencing order.

In 2021, Engelkes pleaded guilty to possession of a controlled substance, a Class D felony; possession of drug paraphernalia, a Class D felony; and possession of a controlled substance, a Class A misdemeanor. He was placed on six years' probation for the felony offenses and one year of probation for the misdemeanor offense. In 2023, the State filed a petition to revoke alleging that Engelkes had committed several violations of his probation.

A hearing was held on October 30, 2023. Engelkes's probation officer, Felisha Smith, testified that in 2022, Engelkes had twice tested positive for amphetamines, had failed to report for an office visit on three occasions, and had missed a drug-and-alcohol class. Engelkes testified that Smith's testimony was correct, but he claimed that he had been compliant in the past year. Other testimony was presented regarding an allegation that Engelkes had committed misdemeanor battery, but the circuit court excluded this alleged violation from its findings. Instead, the court found that it was uncontested that Engelkes had tested positive for drugs and failed to report three times; accordingly, the court found that the State had proved by a preponderance of the evidence that Engelkes had violated the conditions of his probation.

A no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). Counsel's brief notes that one objection at the hearing resulted in a ruling adverse to Engelkes, but because the objection occurred during testimony regarding the alleged battery, which was not considered by the court as a

basis for its decision, any error would be harmless. Counsel also addresses the court's finding that Engelkes had violated his probation and correctly notes that, given Engelkes's admission that he had not been compliant, there could be no issue of arguable merit to raise on appeal. From our review of the record and the brief presented to us, we hold that counsel has complied with the requirements of Rule 4-3(b) and that there is no merit to an appeal.

Although we affirm the circuit court's order, we must remand to correct the sentencing order. The amended sentencing order incorrectly lists a six-year probation term accompanied by a period of confinement for Engelkes's misdemeanor-possession offense. Engelkes was placed on twelve months' probation for this offense in 2021; accordingly, the probationary term had expired by the time of the 2023 hearing. Furthermore, the sentencing order lists a twelve-month probation term for a charge that was nolle prossed. Accordingly, we remand for correction of the sentencing order.

Affirmed; motion to withdraw granted; remanded to correct sentencing order.

ABRAMSON and BROWN, JJ., agree.

*Eric Moore*, for appellant.

One brief only.